# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DISVISION

| | |
|---|---|
| ANTWAUN JONES, on behalf of himself and others similarly situated, | Case No: |
| Plaintiff, | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | |
| UNITED AMERICAN SECURITY, LLC d/b/a GARDAWORLD SECURITY SERVICES | **JURY TRIAL DEMANDED** |
| Defendant. | |

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b). Plaintiff bring this case on behalf of himself and other "similarly-situated" persons who may join this case pursuant to 29 U.S.C. § 216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually related claims under Ohio wage-and-hour statutes (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or

controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. Plaintiff is a resident of Ohio who was employed by Defendant as security guard within the last three years.

8. Defendant United American Security, LLC is a for-profit limited liability company organized under the laws of North Carolina.

9. Defendant is a leading security player with 24 branches and 3,600 employees across 16 states spanning the Midwest, Mid-Atlantic, Southwest, and Southeastern United States.

10. Plaintiff worked for Defendant in Cleveland, Ohio.

11. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

## FACTUAL ALLEGATIONS

1. At all times material to this Complaint, Plaintiff worked as a security guard.

2. Other similarly situated employees were employed by Defendant as hourly, non-exempt, security guards at Defendant's various locations throughout the country.

3. Plaintiff and other similarly situated employees routinely worked forty (40) or more hours per workweek.

4. Plaintiff and other similarly situated employees were paid on an hourly basis.

5. Plaintiff and other similarly situated employees were required to arrive at work

approximately 10-15 minutes before their scheduled shift for "pass down", which involves several shift-change duties that are essential for a security guard to perform his or her job.

6. Plaintiff and other similarly situated workers were not paid any amount for the pre-shift "pass down" work and such time was not counted as hours worked for purposes of computing overtime.

7. Plaintiff and other similarly situated employees performed this unpaid work every workday and it constituted a part of their fixed and regular working time.

8. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly situated employees. Defendant could have precisely recorded Plaintiff and the putative class members' time for payroll purposes simply by allowing security guards to clock in when the performed the pre-shift "pass down" duties.

9. This unpaid work performed by Plaintiff and other similarly situated employees constituted an integral and indispensable part of their principal activities.

10. Defendant knowingly and willfully failed to pay Plaintiff and other similarly situated employees for time spent performing pre-shift "pass down" duties.

11. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all the hours they worked over 40 each workweek.

12. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

13. Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely

affected by Defendant's unlawful conduct.

14. The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as:

> All former and current hourly security guards employed by Defendant at any location in the United States of America between the date of the filing of the Complaint and the conclusion of this action.

15. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated regarding their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests, as well as their own, in bringing this action.

16. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## **CLASS ACTION ALLEGATIONS**
### **(Ohio Class)**

17. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

18. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

>All of Defendant's current and former security guards who worked in Ohio and worked 40 or more hours in at least one workweek at any point within the two years preceding this action through the present.

19. The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

20. There are questions of law or fact common to the Ohio Class.

21. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

22. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

23. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class and predominate over any questions affecting only individual class members.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would

be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

25. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

27. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

28. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

29. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Ohio Overtime Violations)

12. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

13. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of himself and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

14. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

15. Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime compensation to its non-exempt hourly security guards for all hours worked.

16. Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins, and the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins, and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

E. Award Plaintiff and the Putative Class members pre-judgment and post-judgment interest at the statutory rate; and,

F. Award Plaintiff, the Opt-Ins, and the Ohio Class costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (076017)
Shannon M. Draher (0074304)
7266 Portage street, N.W. Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Hans A. Nilges*
Hans A. Nilges

*Counsel for Plaintiff*