UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

: 
ANTWAUN JONES, on behalf of : CASE NO. 1:20-cv-00440
himself and those similarly :
situated, : OPINION & ORDER
: [Resolving Docs. 10, 11]
Plaintiff, :
:
vs. :
:
UNITED AMERICAN SECURITY, :
LLC d/b/a GARDAWORLD :
SECURITY SERVICES, :
:
Defendant. :

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Jones brings this collective and class action against Defendant United American Security, d/b/a GardaWorld Security Services ("GardaWorld"). Plaintiff Jones alleges that GardaWorld violated the Fair Labor Standards Act and Ohio's overtime statute.[1]

On March 4, 2020, Opt-in Plaintiffs Shannon Hardy and Danial Tucker consented to join the collective action.[2] On April 24, 2020, Defendant GardaWorld moved to compel Hardy and Tucker to arbitrate their claims.[3] On May 15, 2020, Plaintiff Jones filed a notice of non-opposition to the motions to compel.[4]

For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART**

---

[1] Doc. 1.
[2] Doc. 3.
[3] Docs. 10 and 11.
[4] Doc. 15.

Case No. 1:20-cv-00440
Gwin, J.

Defendant's motion to compel.

## I. Background

On February 26, 2020, Plaintiff Jones sued Defendant GardaWorld.[5] Jones says that he and others similarly situated worked for GardaWorld as security guards and were hourly employees.[6] He says that Defendant required them to arrive to work 10-15 minutes before their shift start time to perform shift-change duties. Plaintiff alleges GardaWorld did not pay the security guards for this time.[7] Additionally, because the time was unpaid it was not included in overtime calculations.[8] Jones sues under the Fair Labor Standards Act and Ohio's overtime statute and includes collective and class action allegations.[9]

On March 4, 2020, Shannon Hardy and Danial Tucker joined the collective action as opt-in plaintiffs.[10] Defendant now moves to compel Hardy and Tucker to arbitrate their claims.[11]

## II. Discussion

When deciding a motion to compel arbitration, the Court must determine: whether the parties agreed to arbitration and if so, the scope of such agreement; whether Congress intended any statutory claims to be non-arbitrable; and whether the litigation should be stayed pending arbitration.[12]

### A. Opt-in Plaintiff Shannon Hardy

---

[5] Doc. 1.
[6] *Id.* at 2.
[7] *Id.* at 2-3.
[8] *Id.* at 3.
[9] *Id.* at 3-6.
[10] Doc. 3.
[11] Docs. 10 and 11.
[12] *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

Case No. 1:20-cv-00440
Gwin, J.

Defendant GardaWorld and Opt-in Plaintiff Hardy executed an arbitration agreement in which they agreed to arbitrate, among other issues, "claims for violation of, or arising out of . . . any city, county, local, state, federal or other governmental law . . . relating to the payment of wages, the amount of wages, off the clock work, overtime pay, [or] compensation . . ."[13] Such agreement appears to cover the claims in the present litigation in which Plaintiff alleges claims under the Fair Labor Standards Act and Ohio's overtime statute for uncompensated work performed pre-shift.[14] Furthermore, the federal statutory claims under the FLSA, are arbitrable.[15]

The Court finds that Opt-in Plaintiff's Hardy's claims are arbitrable. It further finds that the litigation should not be stayed pending the arbitration of Opt-in Plaintiff Hardy's claims.[16]

### B. Opt-In Plaintiff Danial Tucker

Defendant GardaWorld also moves to compel Opt-in Plaintiff Tucker to arbitrate his claims.[17] In its motion to compel, Defendant GardaWorld states that Opt-In Plaintiff Tucker never worked for GardaWorld and instead worked for non-party Whelan Security Protection Services, Inc.[18] GardaWorld attaches an arbitration agreement between Danial Tucker and Whelan Security Protection Services, Inc. in support of this assertion.[19]

---

[13] Doc. 10-1 at 3.
[14] Doc. 1 at 6-7.
[15] *Townsend v. Stand Up Management, Inc.*, No. 1:18CV2884, 2019 WL 3729266, at *7 (N.D. Ohio Aug. 8, 2019) ("The Sixth Circuit has expressly held that FLSA claims are not exempt from arbitration.") (citing *Gaffers v. Kelly Servs., Inc.,* 900 F.3d 293, 296 (6th Cir. 2018)).
[16] Neither party requests a stay and Defendant does not argue that Plaintiff Jones's claims are arbitrable.
[17] Doc. 11.
[18] Docs. 11 at 2 n. 2., 11-1 at 1; *see also* Doc. 10-1 at 1 ("According to [GardaWorld's] records, opt-in Plaintiff Danial Tucker was never employed by [GardaWorld].").
[19] Doc. 11-1 at 3-9.

Case No. 1:20-cv-00440
Gwin, J.

Without explaining its relationship with Whelan Security, GardaWorld seeks to compel enforcement of the Tucker-Whelan arbitration agreement. As a non-party to the agreement, Defendant GardaWorld does not explain why it would have standing to compel the arbitration.[20] The Court therefore declines to enforce the arbitration agreement between Opt-In Plaintiff Tucker and non-party, Whelan Security.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion to compel the arbitration as to Opt-in Plaintiff Hardy, but **DENIES** the motion as to Opt-in Plaintiff Tucker.

IT IS SO ORDERED.

Dated: July 28, 2020            *s/     James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[20] State contract law applies to the enforcement of arbitration agreements and the Supreme Court has "recognized that arbitration agreements may be enforced by nonsignatories through 'assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel.'" *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC, et al.*, 140 S.Ct. 1637, 1643-44 (2020). Defendant GardaWorld does not clarify which, if any, of these doctrines it seeks to apply here.